FREDERICK HARBERS ET AL.

v.

JOHN H. TRIBBY.

SURPRISE—TRIAL IN ABSENCE OF COUNSEL.—The facts alleged by affidavits in this case show that there was an agrement between counsel that the case should be tried at an hour named, and if reached before, notice was to be given counsel. In violation of this agreement counsel for appellee proceeded to trial before the hour named, in the absence of the opposing counsel, and without notice to him, *Held*, good cause for setting aside the judgment.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding. Opinion filed February 14, 1880.

Mr. S. S. PAGE, Mr. S. V. JONES and Mr. D. R. SHEEN, for appellants.

Messrs. HOPKINS & MORRON and Mr. GEO. A. WILSON, for appellee; that this court will not examine or reverse for errors not assigned, cited Gilbert v. Maggord, 1 Scam. 471; Jackson v. Warren, 32 Ill. 331; Protection Life Ins. Co. v. Foote, 79 Ill. 361; Meyers v. Andrews, 87 Ill. 433; Bristol v. Chicago, 22 Ill. 587.

Defendants should show that they have a defense to the action or the judgment will not be set aside: Forester v. Guard Breese, 74; Rich v. Hathaway, 18 Ill. 548; Roberts v. Corby, 86 Ill. 182; Keely v. O'Brien, 66 Ill. 358; Greenleaf v. Roe, 17 Ill. 474; Union Hide & Leather Co. v. Woodley, 75 Ill. 435; Castner v. Walrod, 83 Ill. 171.

LACEY, J. Appellee brought suit in the Woodford county Circuit Court against appellants to recover the price of a vol-

Harbers v. Tribby.

unteer for the United States army, procured and paid for at appellant's request; being the sum of $400.

The appellants were a club organized in Linn township, in the county of Woodford, for the purpose of raising money, and purchasing volunteers for the United States army to fill the quota of said township which had been called for by the President.

It was the last call of the war for 300,000 men, and the draft was to take place in Feb., 1865. Appellee claims that by con - tract he paid for and put in one man, and had him duly credited to Linn township.

The venue in the cause was changed to Peoria county.

The cause after many delays was tried in the Circuit Court of the last named county in June, 1879, by the court and jury, in the absence of appellants and their attorneys, and resulted in a verdict and judgment for appellee for $746.66.

On motion by appellants for new trial, made at the same term of court, the appellants showed by affidavits that they had a meritorious defense to the cause of action; that S. S. Page, one of the attorneys for appellants, some months before the trial employed D. R. Sheen, an attorney-at-law, residing in the city of Peoria, Mr. Page, the other and senior attorney, residing in Woodford county, to represent the appellants in the case with directions to closely watch the case so as to guard against surprise and prevent any steps being taken by the opposite party to the prejudice of appellants; that this fact was known to the leading counsel for appellee; that appellant's witnesses were numerous, and resided 25 to 35 miles away, in Marshall, Woodford and other counties, and that none of them resided in Peoria county. Counsel for appellants had an agreement some weeks before the trial with counsel for appellee, that unless both parties were ready the case should not be tried in the morning, but should be tried in the afternoon, so as to give the numerous witnesses an opportunity to get into court; that by agreement between the counsel on each side, the cause was set for hearing on Thursday afternoon of the 5th day of June, A. D. 1879. This agreement was made in the presence of Mr. Sheen, one of the counsel, as well as two of the other

Harbers v. Tribby.

counsel, one on each side.   That it had been previously agreed as far back as in March, that no steps should be taken in the case without notice to Sheen; that Page resided in Woodford county, and started on the morning of the 5th for Peoria, but missed the train, and did not reach Peoria till 12 o'clock, m. The counsel for appellee was engaged in the trial of a cause on June 3d, 1879, where he and Sheen were on opposite sides in a room presided over by Judge McCulloch.   This trial was not completed till June 5th, 5 o'clock p. m., the same day this case was set for.

The appellants made preparation to get ready for trial of this cause on the afternoon of the 5th of June, and were ready on the afternoon to go to trial.   But in violation of such agreement between 15 minutes to 10 o'clock and 10 to 15 minutes to 11 o'clock, of the day the case was set the cause was tried in the absence of the appellants · and all their counsel.   Just as the jury came into court with their verdict, some of the defendants and some of their witnesses came into the court room and were surprised to find the case had been disposed of.

At the time this cause was called for trial the counsel for appellee with whom the agreement had been made was engaged in the trial with Sheen on the opposite side in the branch court room of Judge McCulloch.

This case being called in the other room in the same building, Morron, one of the counsel for appellee, sent the page to the room where one of the leading counsel for appellee was trying the case with Sheen, and who had agreed to notify Sheen of any· step, and got him to leave the trial and get excused, and to come into the other room and help try this case, till Hopkins, another attorney, came to the rescue, when this attorney returned and resumed his trial in Judge McCulloch's room. While all this was going on, not a word was said to Sheen about the case having been called.

Had Sheen been notified, which it was their duty under the circumstances to do, he could have gotten a postponement till afternoon, or could have gone on with the trial till the appellants and their attorneys and witnesses could come in.

The appellee should not be allowed to profit by his judgment

obtained by such means. The concealment, by appellee's attorney, of the facts from Sheen, who was resting in the belief that the case would not be tried till afternoon; that the case was called when it would have been agreed that he should be notified, and when only a word was necessary, we must regard under all the circumstances of the case as fraudulent.

For these reasons, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.